UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUHAILA FARHAT,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A., et al.,<br><br>    Defendants. | Case No. 18-cv-02273-HSG<br><br>**ORDER GRANTING MOTION TO DISMISS AND DENYING APPLICATION FOR AN ORDER REFERRING CASE TO BANKRUPTCY**<br><br>Re: Dkt. Nos. 15, 19 |

Pending before the Court is Defendants' motion to dismiss Plaintiff's First Amended Complaint. Dkt. No. 15. For the following reasons, the Court **GRANTS** Defendants' motion to dismiss.

**I.  BACKGROUND**

Plaintiff Suhalia Farhat refinanced her home loan in May of 2007, borrowing $750,000. Dkt. No. 12 ("FAC") ¶¶ 9–10. Plaintiff alleges that Defendant Wells Fargo Bank, the servicer and beneficiary of Plaintiff's loan, increased the principal balance on the loan above the maximum allowed by the loan's own terms. *Id*. ¶¶ 9–12. The following passage from Plaintiff's 2007 promissory note is at issue:

> (E) Deferred Interest; Additions to My Unpaid Principal
>
> From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal
>
> (F) Limit on My Unpaid Principal; increased Monthly Payment
>
> *My unpaid principal balance can never exceed 125% of the Principal I originally borrowed, called "principal Balance Cap."* If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead

> pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments.

FAC, Ex. A ("Mortgage Agreement") §§ 3(E), 3(F) (emphasis added).

Plaintiff alleges that, based on that passage from the loan agreement, the principal balance cannot exceed $937,500, which is 125% of the initial principal amount of $750,000. FAC ¶ 10. Plaintiff further alleges that Defendant sent notice in January of 2018 that Plaintiff's principal balance was $1,169,089.20, which exceeds the maximum amount. FAC ¶ 12. Plaintiff seeks declaratory relief and damages based on this alleged violation. FAC at 10 (Demand for Jury Trial and Prayer for Damages).

## II. LEGAL STANDARD

### A. Rule 12(b)(6) Standard

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nonetheless, Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir.

2008).

## III. DISCUSSION

Plaintiff's case relies upon a specific interpretation of the language of Section 3(F) of the mortgage agreement. The interpretation of a contract is a question of law for the Court to decide "unless the interpretation depends on the credibility of extrinsic evidence, in which case the interpretation of the contract is the task of the factfinder." *Welles v. Turner Entm't Co.*, 503 F.3d 728, 735 (9th Cir. 2007). When interpreting a contract, the Court must "first determine whether its language is ambiguous or reasonably susceptible to more than one interpretation." *Id.* If the language is unambiguous, the Court applies its plain meaning; otherwise, the Court may consider extrinsic evidence to clarify the ambiguity. *Id.*

Several courts in this district have rejected claims based on similar contract language when notice of the amount owed demonstrated that the principal was less than the 125% maximum stated in the mortgage agreement. *See Diamos v. Fay Servicing, LLC*, No. 16-CV-05164-DMR, 2016 WL 7230896, at *4 (N.D. Cal. Dec. 14, 2016); *Velasquez v. Wells Fargo, N.A.*, No. 17-CV-03868-KAW, 2017 WL 3267608, at *2 (N.D. Cal. Aug. 1, 2017); *Razzak v. Wells Fargo Bank, N.A.*, No. 17-CV-04939-MMC, 2018 WL 1524002, at *9 (N.D. Cal. Mar. 28, 2018) (collecting cases and noting that "in at least three other actions in this district, the same argument has been made with regard to essentially identical loan provisions, and has been, in each instance, 'soundly rejected.'"). Here, the January 2018 notice referenced in the FAC listing $1,169,089.20 in principal is not in the record, and the Court therefore must assume the notice as alleged.

Even assuming Defendant sent Plaintiff the alleged notice listing a principal balance in excess of $937,500, Plaintiff has failed to plead a violation of the mortgage agreement. The language of Section 3(F) is unambiguous. Section 3(E) describes a process for negative amortization, in which monthly payments that do not cover that month's interest will cause the remaining interest to be added to the principal. Mortgage Agreement § 3(E). If the principal, including the interest added as a result of insufficient payments, exceeds 125% of the initial loan amount, the result is that the borrower's monthly payments are increased "to an amount that will be sufficient to repay [the] then unpaid principal balance in full on the Maturity Date together with

3

interest, in substantially equal payments." *Id*. at 3(F). Section 3(F) does not say that Defendant is in breach if the principal exceeds 125% of the original amount borrowed; rather, it places a burden on Plaintiff to maintain monthly payments that keep the principal below that number. *See Ramos v. Wells Fargo Bank, N.A.*, No. 18-CV-00762-VKD, 2018 WL 3036913, at *5 (N.D. Cal. June 19, 2018) (dismissing complaint based on identical loan agreement language, and stating that "[s]ection 3(F) unambiguously means that Ms. Ramos cannot maintain a balance in excess of" the Principal Balance Cap); *see also Enayatollah Nadaf-Rahrov v. Shellpoint Mortg. Servicing*, No. 16-cv-02112-RS, 2016 U.S. Dist. LEXIS 162796, at *5 (N.D. Cal. Nov. 23, 2016) (rejecting identical argument as "frivolous").

Because Section 3(F) unambiguously does not prohibit Defendant from billing Plaintiff for a balance, including a principal balance, exceeding 125% of the original amount borrowed, Plaintiff's claims based on that theory are not cognizable and must be dismissed.

The Court will grant leave to amend "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted). Although the Court is doubtful that an amendment to the pleadings will state a plausible claim for relief, it is not yet clear that amendment would be futile. Thus, given the Ninth Circuit's clear direction on this point and Federal Rule of Civil Procedure 15(a)'s mandate that leave be freely given, the Court grants Plaintiff leave to amend.

### B. Estoppel

Defendant additionally contends that Plaintiff is estopped from bringing suit because Plaintiff failed to disclose any potential causes of action against Defendant in the statements and schedules associated with Plaintiff's 2012 bankruptcy proceedings. Dkt. No. 15 at 6–7.

Judicial estoppel "is an equitable doctrine invoked by a court at its discretion," with the purpose of protecting "the integrity of the judicial process by prohibiting parties from deliberately changing positions according to the exigencies of the moment." *New Hampshire v. Maine*, 532 U.S. 742, 743, 750 (2001) (citation and internal quotation marks omitted). "[S]everal factors typically inform the decision whether to apply the doctrine in a particular case. First, a party's later position must be clearly inconsistent with its earlier position. Second, courts regularly

4

inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled. A third consideration is whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped . . . Additional considerations may inform the doctrine's application in specific factual contexts." *Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270–71 (9th Cir. 2013) (internal citations and quotation marks omitted). "In the bankruptcy context, the federal courts have developed a basic default rule: If a plaintiff-debtor omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action." *Id.* at 271.

Plaintiff filed for bankruptcy six years before the alleged notice underlying this lawsuit was received. Dkt. No. 14, Ex. I (bankruptcy petition listing 2012 filing date). Plaintiff could not have been aware of this action at the time the schedules were filed. Judicial estoppel therefore does not apply to Plaintiff's claims. *See Amer v. Wells Fargo Bank NA*, No. 17-CV-03872-JCS, 2017 WL 4865564, at *8 (N.D. Cal. Oct. 27, 2017) (finding that judicial estoppel did not bar claims that arose after bankruptcy schedules were filed); *Galvez v. Wells Fargo Bank, N.A.*, No. 17-CV-06003-JSC, 2018 WL 2761917, at *4 (N.D. Cal. June 7, 2018) (same).

## IV. CONCLUSION

The Court **GRANTS** with **LEAVE TO AMEND** Defendant's motion to dismiss the FAC. Any amended complaint must be filed by November 27, 2018. Plaintiff may not add claims or defendants in an amended complaint. The Court, having considered the parties' briefing on the matter, *see* Dkt. Nos. 19 and 20, also **DENIES** Plaintiff's application for an order referring this case to bankruptcy court.

**IT IS SO ORDERED.**

Dated: 10/30/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

5