UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SUHAILA FARHAT,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., et al.,

    Defendants.

Case No. 18-cv-02273-HSG

**ORDER GRANTING MOTION TO DISMISS**

Re: Dkt. No. 23

Pending before the Court is a motion to dismiss Plaintiff Suhaila Farhat's second amended complaint ("SAC") brought by Defendant Wells Fargo Bank, N.A ("Wells Fargo"), Dkt. No. 23 ("Mot."), and joined by Clear Recon Corp. ("Clear Recon"), Dkt. No. 37. Having considered Wells Fargo's motion, Plaintiff's opposition, and all related papers, the Court finds the matter appropriate for disposition without oral argument. *See* Civil L.R. 7-1(b). For the reasons below, the Court **GRANTS** the motion to dismiss without leave to amend.[1]

**I. BACKGROUND**

In May 2007, Plaintiff refinanced her home loan and borrowed $750,000. SAC ¶¶ 9, 24. The loan was memorialized in a promissory note and secured by a deed of trust. SAC, Exs. A ("Deed of Trust"), B ("Promissory Note"). Defendant Wells Fargo is the "current beneficiary and/or servicer" of the loan. *Id.* ¶ 4. Plaintiff in March 2018 received notice from Wells Fargo that the total amount she owed on the loan was $1,178,580.14, which included an "Unpaid

---

[1] Wells Fargo filed a request for judicial notice asking the Court to take judicial notice of twelve documents, including public records of the San Francisco County Recorder's Office and court documents. Dkt. No. 26. Plaintiff did not object to this request. Because the Court did not consider the documents in deciding the present motion, the Court **DENIES AS MOOT** Defendant's request for judicial notice.

Principal Balance" of $848,490.44 and unpaid interest of $273,947.69. *Id*. ¶ 26. According to Plaintiff, based on language in the Deed of Trust and Promissory Note, Wells Fargo improperly increased the loan's principal balance, as the "Unpaid Principal Balance" purportedly could not exceed $937,500, or 125% of the initial principal amount of $750,000.[2] *Id*. ¶¶ 24–26.

Plaintiff thereafter commenced this action against Wells Fargo and Clear Recon, the trustee of Plaintiff's loan. *See* Dkt. No. 1. On October 30, 2018, the Court dismissed Plaintiff's first amended complaint, Dkt. No. 12 ("FAC"). *See* Dkt. No. 21 ("Dismissal Order"). The Court held that language in the Promissory Note unambiguously does not prohibit Wells Fargo from billing Plaintiff for a balance exceeding 125% of the original amount borrowed. Dismissal Order at 4. Although the Court was doubtful that Plaintiff would be able to amend her complaint to plausibly state a claim, the Court granted Plaintiff an opportunity to amend. *Id*. Plaintiff subsequently filed her SAC, alleging the same four causes of action as asserted in the FAC: (1) declaratory relief; (2) violation of California Civil Code § 1788.17; (3) breach of contract; and (4) violation of California Business and Professions Code § 17200 *et seq*. ("UCL"). SAC ¶¶ 45–81.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Civ. P. 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content

---

[2] Although the March 2018 notice stated that the "Unpaid Principal Balance" was $848,490.44, less than 125% of the initial principal amount, Plaintiff alleges that she received an earlier notice in January 2018 that "her principal balance had grown to an unreasonable $1,169,089.20, far exceeding the 125% maximum." SAC ¶ 25. This January 2018 notice is not in the record, and the Court therefore must assume this notice as alleged in the SAC.

2

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

In addition, dismissal without leave to amend is proper when it is clear that the complaint could not be saved by any amendment. *See McKesson HBOC v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087, 1090 (9th Cir. 2003).

## III. ANALYSIS

The SAC does not plead new facts or arguments not advanced in the FAC. All four causes of action alleged in the SAC rely on the same argument asserted in the FAC. *Compare* SAC ¶¶ 48, 50, 62, 71, 75–76, *with* FAC ¶¶ 16, 26, 28, 37, 41–42. In both complaints, Plaintiff posits that provisions in the Promissory Note and Deed of Trust preclude Wells Fargo from recovering more than $937,500 as the principal balance, and that Wells Fargo improperly attempts to collect more than that "cap" (hereinafter Plaintiff's "excess principal" argument). *See* SAC ¶¶ 46, 48, 62, 71; FAC ¶¶ 16, 26, 28, 37.

The Court previously rejected Plaintiff's "excess principal" argument. Dismissal Order at 4. Absent new allegations, the Court rejects Plaintiff's arguments again.

### A. The Language of the Promissory Note is Unambiguous

As in the FAC, Plaintiff's SAC relies on a specific interpretation of the following two provisions in the Promissory Note:

> 3(E) Deferred Interest; Additions to My Unpaid Principal
>
> From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal[.]

> 3(F) Limit on My Unpaid Principal; increased Monthly Payment
>
> *My unpaid principal balance can never exceed 125% of the Principal I originally borrowed, called "Principal Balance Cap."* If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments[.]

Promissory Note §§ 3(E), 3(F) (emphasis added).

The interpretation of a contract is a question of law for the Court to decide "unless the interpretation depends on the credibility of extrinsic evidence, in which case the interpretation of the contract is the task of the factfinder." *Welles v. Turner Entm't Co.*, 503 F.3d 728, 735 (9th Cir. 2007). When interpreting a contract, the Court must "first determine whether its language is ambiguous or reasonably susceptible to more than one interpretation." *Id.* If the language is unambiguous, the Court applies its plain meaning; otherwise, the Court may consider extrinsic evidence to clarify the ambiguity. *Id.*

Here, the language of §§ 3(E) and 3(F) is unambiguous. Section 3(E) describes a process for negative amortization, in which monthly payments that do not cover that month's interest will cause the remaining interest to be added to the principal. Promissory Note § 3(E). If the principal, including the interest added as a result of insufficient payments, exceeds 125% of the initial loan amount, the result is that the borrower's monthly payments are increased "to an amount that will be sufficient to repay [the] then unpaid principal balance in full on the Maturity Date together with interest, in substantially equal payments." *Id.* § 3(F). In other words, it is unambiguous that § 3(F) does not imply that Wells Fargo would be in breach if the principal exceeds 125% of the original amount borrowed; rather, it places the burden on Plaintiff to maintain monthly payments that keep the principal below that number. *See Ramos v. Wells Fargo Bank, N.A.*, No. 18-cv-00762-VKD, 2018 WL 3036913, at *5 (N.D. Cal. June 19, 2018) (dismissing complaint based on identical loan agreement language and stating that "Section 3(F) unambiguously means that Ms. Ramos cannot maintain a balance in excess of" the Principal Balance Cap"); *see also Razzak v.*

4

*Wells Fargo Bank, N.A.*, No. 17-CV-04939-MMC, 2018 WL 1524002, at *9 (N.D. Cal. Mar. 28, 2018) (rejecting identical argument and noting that "in at least three other actions in this district, the same argument has been made with regard to essentially identical loan provisions, and has been, in each instance, 'soundly rejected'"); *Enayatollah Nadaf-Rahrov v. Shellpoint Mortg. Servicing*, No. 16-cv-02112-RS, 2016 U.S. Dist. LEXIS 162796, at *5 (N.D. Cal. Nov. 23, 2016) (rejecting identical argument as "frivolous"). Moreover, nothing in these provisions precludes Wells Fargo from imposing further interest charges (separate from the principal balance) if the borrower defaults. *See Diamos v. Fay Servicing, LLC*, No. 16-CV-05164-DMR, 2016 WL 7230896, at *4 (N.D. Cal. Dec. 14, 2016); *Shellpoint*, 2016 U.S. Dist. LEXIS 162796, at *5.

### B. The Deed of Trust Does Not Support Plaintiff's Theory

Plaintiff, in her opposition, contends that the SAC raises for the first time the argument that language in the Deed of Trust supports her "excess principal" theory. Dkt. No. 27 ("Opp.") at 3 ("Plaintiff is raising for the first time the language in the security instrument. No prior court has addressed this issue"). Plaintiff asserts, in conclusory fashion, that because the Deed of Trust has language stating the "maximum aggregate principal balance secured by this deed of trust is $937,500," it is "absolutely clear that Plaintiff's interpretation of the note is the only reasonable interpretation." *Id.*

The Court disagrees. First, these allegations are merely a repackaging of the same allegations in the FAC. *Compare* SAC ¶ 10, *with* FAC ¶¶ 10, 16, 26, 35, 42. Second, even assuming this is a new argument, Plaintiff fails to explain how it adds anything new to her "excess principal" theory. The language Plaintiff points to in the Deed of Trust does not contradict the unambiguous language of the Promissory Note, as the Deed of Trust does not impose a limit on the total loan balance or on the principal amount. As Wells Fargo argues, at most, it limits the amount of the principal *secured* by the Deed of Trust, not how much Wells Fargo may bill Plaintiff. *See* Mot. at 4.

Accordingly, Plaintiff's claims based on her "excess principal" theory are not legally cognizable and must be dismissed. Because Plaintiff's theory relies upon a specific contract interpretation that has repeatedly been rejected by courts in this district, and because this is

5

Plaintiff's second attempt to state a plausible claim for relief, the Court **GRANTS** Wells Fargo's motion to dismiss the SAC without leave to amend. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009), *as amended* (Feb. 10, 2009) ("where the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad").

## IV. CONCLUSION

The Court **GRANTS** Wells Fargo's motion to dismiss Plaintiff's second amended complaint **WITHOUT LEAVE TO AMEND**, as amendment would be futile under the circumstances. The Court directs the Clerk to enter judgment in Defendants' favor and close the case.

**IT IS SO ORDERED.**

Dated: 7/19/2019

HAYWOOD S. GILLIAM, JR.
United States District Judge